**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEKESHA RENEE SHELTON,

            Plaintiff-Appellant,

 v.

TUCSON UNIFIED SCHOOL DISTRICT,

            Defendant-Appellee,

 and

TONYA STROZIER,

            Defendant.

No. 19-15989

D.C. No. 4:18-cv-00187-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 6, 2020[**]

Before:      BERZON, N.R. SMITH, and MILLER, Circuit Judges.

        Shekesha Renee Shelton appeals pro se from the district court's summary

---

        [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in her employment action alleging claims under the Pregnancy Discrimination Act ("PDA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment because Shelton failed to raise a genuine dispute of material fact as to whether Tucson Unified School District's legitimate, nondiscriminatory reasons for Shelton's November 2015 and May 2016 evaluation scores, and its failure to accommodate Shelton's request for coverage to express breast milk on May 19, 2016, were pretextual. *See Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228-30 (2015) (setting forth burden-shifting framework for PDA claims).

The district court did not abuse its discretion by denying Shelton's motion to amend the complaint because Shelton failed to comply with the local rules. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and explaining that this court gives "[b]road deference" to district court's interpretation of its local rules); D. Ariz. Loc. R. 15.1(a).

We reject as without merit Shelton's contention that the district court's grant of summary judgment violated her Seventh Amendment right to a jury trial. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh

Amendment right to a jury trial.").

**AFFIRMED.**